[For proceedings on a subsequent trial, see Cases Nos. 17,285 and 17,286.]

## Case No. 17,285.

### WATSON et al. v. INSURANCE CO. OF NORTH AMERICA.

[2 Wash. C. C. 480.] [1]

Circuit Court, D. Pennsylvania. Jan., 1811.

MARINE INSURANCE—SEAWORTHINESS OF VESSEL—CERTIFICATE OF SURVEY.

1. If the certificate of the survey of a vessel be read for the purpose of proving that a survey and condemnation of the vessel had taken place, and to prove no other fact stated in it, the party who. for this purpose only, gave it in evidence, will not be thereby prevented from im-

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

peaching the credit of the surveyors, whose depositions have been read.

2. It is sufficient, on a question of seaworthiness, if the vessel was fit to perform the voyage insured, as to ordinary perils—the underwriters are bound as to extraordinary perils.

[Cited in The Orient, 16 Fed. 916; The Sintram, 64 Fed. 886.]

3. If the insured lay a rational ground for the disability of the vessel, by proving severe gales during the voyage, and seaworthiness on a preceding voyage, the burthen of the proof of the want of seaworthiness lies on the insurer.

[Cited in The Orient, 16 Fed. 916.]

4. Aliter, when a disability happens from stress of weather, without any sufficient cause.

This case was again tried (see Watson v. Insurance Co. of North America [Case No. 17,284]), and turned upon the question of seaworthiness. Upon the opening, the plaintiffs' counsel read the survey and condemnation at Gibraltar, after stating to the jury that he did so merely to show that a survey and condemnation had taken place, but not as evidence of any fact stated in it. The defendants, since the last trial, obtained and gave in evidence the deposition of one of the surveyors, which stated the case in respect to the unsoundness of the vessel at Gibraltar, very unfavourably to the plaintiffs. To meet this evidence, the plaintiffs offered the deposition of the captain, to contradict the statements of the surveyor, and to impeach his credit. This was objected to, on the ground that the plaintiffs, having read the report of this very surveyor, had made it their evidence, which they could not afterwards impeach.

BY THE COURT. The plaintiffs have not read the survey, as evidence of any fact; and in their opening, disclaimed all intention of considering the surveyor as a witness for them of a single fact, but the contrary. The principle, therefore, which is opposed to the evidence now offered, does not apply.

In the charge, it was stated to the jury, that the question for their decision was, whether this vessel, at the time when the risk commenced, was sufficiently tight, staunch, strong, and well found, to perform the voyage insured, from Cadiz to Antwerp, and to encounter the ordinary perils of that voyage; the underwriters taking upon themselves the risk of extraordinary perils. In considering the evidence of seaworthiness, where a rational ground is laid, as in this case, for the disability of the vessel to perform the voyage, by proof of severe gales to which she was exposed on the voyage; and more especially where, as in this case, the former condition of the vessel, for the two preceding years, is proved to be that of a sound and seaworthy vessel; the burthen of the proof is thrown upon the underwriters, to prove satisfactorily to the jury, that she was not seaworthy, and sufficiently strong to perform the voyage — otherwise, where a disability happens, without any suf-

29 FED. CAS.—28

ficient cause, from stress of weather. With these observations, the question was left to the jury.

2. THE COURT stated to the jury, that they were not to regard the survey as proving any of the facts stated in it; and directed them, at the request of the parties, that if they thought the vessel seaworthy, to find for the plaintiffs, with the value of the vessel, subject to the opinion of the court on a point reserved.

Verdict for plaintiffs, value 15,000 dollars, subject, &c.

[For opinion on the question reserved, see Case No. 17,286.]